UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; LM GENERAL INSURANCE COMPANY; LM INSURANCE CORPORATION; LIBERTY MUTUAL INSURANCE COMPANY; and SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGRATED MRI CENTER, LLC d/b/a COMPLETE IMAGING,<br><br>Defendant. | C.A. No. 21-cv-12137-TGB-EAS |

**STIPULATED CONFIDENTIALITY, PROTECTIVE, AND CLAWBACK ORDER**

It is hereby STIPULATED and AGREED, by and between plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, Liberty Mutual Insurance Company, Safeco Insurance Company of Illinois (collectively "Liberty Mutual") and defendant Integrated MRI Center, LLC d/b/a Complete Imaging ("Complete Imaging") (hereinafter collectively referred to as "the parties"), and ORDERED by this Court as follows:

1.  This Stipulated Confidentiality, Protective, and Clawback Order ("Stipulation and Order") shall be applicable to and shall govern all documents

1

produced in response to requests for production of documents and things, depositions, interrogatory answers, responses to requests for admissions, subpoenas served by parties hereto and responses and production to said subpoenas by third parties, and other discovery authorized by the Federal Rules of Civil Procedure in connection with the above-captioned action. The parties reserve all rights to assert valid objections to discovery served in this matter.

2. Any party or non-party who reasonably and in good faith believes information, documents, and/or materials that such party or such non-party produces in this case to be non-public, confidential, proprietary, or commercially sensitive ("designating party") may, at the time of production and as more fully described herein, designate such information as "CONFIDENTIAL" and the information so designated ("Confidential Material") shall thereafter be subject to the applicable provisions of this Stipulation and Order.

3. For purposes hereof, the term "Confidential Material" shall mean any and all documents, material, or information that a producing party or non-party believes, in good faith, would qualify for a protective order if sought from the Court.

4. Any and all Protected Health Information as defined in the Health Insurance Portability and Accountability Act ("HIPAA"), including medical invoices, medical reports and notes, medical records, and medical files and their contents (collectively, "medical information"), produced in any form, whether

voluntarily or through discovery or other proceedings, including, without limitation, all information and all copies, excerpts, and summaries thereof, are expressly included within the definition of "Confidential Material." The within Stipulation and Order shall operate in place of authorizations/releases by those individuals whose medical information is at issue in the instant matter and the within Stipulation and Order constitutes a "qualified protective order" within the meaning of the HIPAA Act.

5.  Any documents, material, or information to be designated Confidential Material must be so designated by affixing the word "CONFIDENTIAL" on such documents, material, or information to be so designated prior to their production. The affixation of the word "CONFIDENTIAL" must be on each page of each document (whether hard copy or electronic documents) containing Confidential Material. Any Confidential Material produced in a non-paper or non-electronic document medium (e.g., videotape, audiotape, computer disk, et al.) may be so designated by labeling the outside of such non-paper or non-electronic document media with the word "CONFIDENTIAL."

6.  Pursuant to paragraph four (4) above and notwithstanding paragraph five (5) above, all HIPAA-defined Protected Health Information constitutes Confidential Material and said HIPAA Protected Health Information/Confidential Material need not be affixed with the word "CONFIDENTIAL" to be designated as

such. Notwithstanding this paragraph or any other provision of the within Stipulation and Order, medical information may be publicly used and/or disclosed provided that any personally-identifying information is first redacted. The party who publicly uses and/or discloses such medical information bears sole responsibility for redacting the same in accordance with the within paragraph. Redacted medical information shall not be considered or treated as Confidential Material under this Stipulation and Order.

      7.     Any record, abstract, summary, or document that is materially based on or derived from or contains Confidential Material shall be marked as "CONFIDENTIAL" pursuant to the protocol set out in paragraph five (5) above and such document record, abstract, summary, or document shall be treated as Confidential Material.

      8.     Confidential Material shall not be disclosed to any person other than:

    (a)    a party to this action, including officers, directors, and employees thereof, and counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or aiding in, the prosecution or defense of this action;

    (b)    the Court, including necessary clerical and law clerk personnel assisting the Court;

    (c)    experts, advisors, and consultants utilized by the parties and their counsel in connection with this action, whether or not retained to testify at trial;

    (d)    outside vendors who perform photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

    (e)    court reporters and other persons engaged in preparing transcripts of testimony of hearings or depositions in this action;

    (f)    deponents at any deposition in this action, during the course of and in preparation for depositions or testimony in this action;

    (g)    any non-party witness if such person is employed by the same entity as a person indicated on the face of a document to be the author, addressee, or recipient of the document;

    (h)    mock jurors, but only after said mock juror(s) sign the acknowledgement attached hereto at Exhibit A; and

    (i)    any other person to whom the designating party agrees in writing and/or by Order of the Court.

9.    Confidential Material disclosed pursuant to this Stipulation and Order shall not be used by any recipient thereof for any purpose other than prosecuting or defending this action, including any appeal, except by written agreement by the

designating party or upon order of the Court after reasonable notice to all parties and their counsel in this action.

      10.    No person receiving any Confidential Material shall disclose such material to any person other than those described above in paragraph eight (8), and such disclosure shall be in accordance with the terms of this Stipulation and Order.

      11.    The restrictions on dissemination of Confidential Material contained herein shall not apply:

        (a)    to prevent any party or its counsel from using information that falls within the definition of Confidential Material that was in its possession or knowledge prior to entry of this Stipulation and Order;

        (b)    to information which is or becomes publicly known through no fault of the receiving party; or

        (c)    to information which the receiving party or its counsel has, subsequent to the date of receipt of the information from the designating party, lawfully obtained from a third party or independently develops.

      12.    Any party or non-party to this action may provide notification in writing that designated portions of a deposition transcript of such party or non-party, specified by page(s) and line(s) thereof, constitute Confidential Material, as defined

herein. Such designated portions will then be treated as if designated in accordance with these designations at the deposition. Any portions not designated as Confidential Material may be used without restriction by this Stipulation and Order.

13. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion for leave to file a sealed document pursuant to Eastern District of Michigan Local Rule 5.3.

14. If any documents, information, or testimony are designated as Confidential Material, but are not believed to be Confidential Material by any party receiving them, the receiving party shall notify the designating party in writing and request that the "CONFIDENTIAL" designation be withdrawn. If such re-designation is not made after a good faith effort to resolve the conflict concerning the designation, the designating party may apply to the Court for an order that such documents, information, or testimony should be treated as Confidential Material pursuant to this Stipulation and Order. Any application to the Court pursuant to the within paragraph may include an *in camera* review of the disputed documents, information, or testimony designated as Confidential Material. On any motion to the Court regarding a claim of confidentiality, the designating party seeking to assert the same shall have the burden of proof. The designation of information and/or a

document as "CONFIDENTIAL" shall not create any presumption with regard to the actual confidentiality of any document, nor shall it affect the burden of proof necessary for establishing confidentiality.

15. If any receiving party contends that the information and/or document designated as "CONFIDENTIAL" is not entitled to such designation, or is otherwise not subject to this Stipulation and Order, the information and/or document shall nonetheless be treated as Confidential Material for a period of ten (10) days to permit the designating party or non-party the opportunity to seek Court review pursuant to paragraphs thirteen (13) and fourteen (14), as applicable. If the party or non-party does not seek Court review pursuant to paragraph fourteen (14) within ten (10) days of a written request that a "CONFIDENTIAL" designation be withdrawn, such material may thereafter be used for all proper purposes as though it had not been designated "CONFIDENTIAL."

16. This Stipulation and Order shall be without prejudice to the right of the parties to:

    (a) bring before the Court at any time (subject to the procedural requirements of paragraphs thirteen (13), fourteen (14), and fifteen (15)) the question of whether any particular document or information is Confidential Material or whether its use should be restricted; or

      (b)    present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document or information, including restrictions differing from those specified herein.

17.    This Stipulation and Order is intended to provide a mechanism for the handling of Confidential Material and documents and information for which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Stipulation and Order in any particular circumstance. Nothing herein shall be deemed a waiver of a party's right to seek an order compelling discovery with respect to any discovery request.

18.    If Confidential Material designated in accordance with the procedures of this Stipulation and Order is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Confidential Material was disclosed and, without prejudice to any other rights and remedies of the designating party, make

every effort to prevent further disclosure by it or by the person or entity who was the recipient of such information.

19. The designation of information and/or a document as Confidential Material pursuant to this Stipulation and Order shall not preclude any party from disclosing the information and/or document to any person who appears as the author or as a recipient thereof, or from disclosing the information or document to any person who has been identified by the designating party as having been previously provided with the document or the information therein.

20. This Stipulation and Order may be amended with leave of the Court, by the agreement of counsel for the parties, or by the Court *sua sponte* after affording the parties, and any affected non-party, the opportunity to be heard. If the parties cannot agree to the amendment, then a formal motion to amend must be filed with the Court. This Stipulation and Order is intended to regulate the handling of Confidential Material and documents throughout the prosecution and defense of this action, including any appeal, and shall remain in force and effect until modified, superseded, or terminated on the record by agreement of the parties hereto or by order of the Court.

21. Upon final termination of this action, each party that is subject to this Stipulation and Order shall assemble and return to the designating party all items containing the designating party's Confidential Material produced in accordance

with this Stipulation and Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. As an alternative to the return of all such Confidential Material, the recipient may destroy such Confidential Material and confirm such destruction in writing to the party who provided such Confidential Material.

22. In the event that any person or party having possession, custody, or control of any Confidential Material receives a subpoena or other process or order to produce such information from an entity or person who is not a party to this action, such person or party shall:

(a) give notice within three (3) business days of receipt of such subpoena or process to counsel for the designating party(ies);

(b) furnish such counsel with a copy of said subpoena or other process or Court order; and

(c) refrain from producing any Confidential Materials in response to such subpoena or other process or Court order until the earlier of:

(1) receipt of written notice from the designating party that such party does not object to production of the Confidential Material;

  (2)  resolution of any objection asserted by the designating party either by agreement or by final order of the court with jurisdiction over the objection of the designating party; or

  (3)  the response date to the subpoena or other process or Court order if no objection has been asserted by the designating party.

The person or party receiving the subpoena or other process or Court order shall be entitled to comply with it except to the extent that the designating party is successful in obtaining a Court order staying, modifying, or quashing the subpoena or other process or Court order. The burden of opposing the enforcement of the subpoena shall fall solely upon the designating party. Nothing herein shall be construed as requiring the receiving party or any other person subject to this Stipulation and Order to challenge or appeal any order directing production of Confidential Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek relief from the Court.

  23. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. A party who has inadvertently and/or unintentionally disclosed Confidential Material without designating the same "CONFIDENTIAL" shall first

abide by the procedure set out in paragraph twenty-four (24). Nothing contained herein shall thereafter prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

24. The following procedure shall apply to claims of privilege after production. If a party (hereinafter "the producing party") has produced a document or electronically stored information ("ESI") that is subject to a claim of privilege or of protection as work product, and thereafter determines that the document or ESI is subject to a claim of privilege or work product protection, it shall immediately notify in writing the party or parties who received the document or ESI ("the recipient party") of the claim or privilege or protection and the basis for the claim. Upon receipt of such notice, but in any event no later than five (5) business days after receipt, the recipient party shall acknowledge receipt of the notice in writing and shall: (a) return or destroy the document or ESI and all copies thereof; (b) attest that the document or ESI and all copies thereof have been returned or destroyed; or (c) advise the producing party in writing that it intends to challenge the designation of the document or ESI as privileged or protected and that it intends to retain one copy solely for the purpose of so contesting. If the document or ESI has been disclosed by a recipient party to one or more other individuals or entities ("subsequent recipient party"), the recipient party shall include in its written notice to the producing party that such copies exist and, within two (2) weeks from the date of

notice, shall make reasonable efforts to retrieve all copies from subsequent recipient parties or obtain a written assurance that all copies have been destroyed. If retrieved, the recipient party shall return all copies to the producing party or certify in writing that they have been destroyed. If a subsequent recipient party refuses to return the document or ESI or to sign the written assurance, the recipient party shall immediately inform the disclosing party of that fact and of the name and address of the party refusing to return the documents. The recipient party shall cooperate as reasonably necessary in any attempt of the producing party to compel the return of the document or ESI. Following receipt of notice from the producing party, no recipient party shall use the document or ESI in any way other than to contest the claim of privilege or protection unless the claim of privilege or protection is overruled by the Court. Nothing in the within paragraph shall limit the rights of any party under Fed. R. Civ. P. 26(b)(5)(B).

25.     Nothing in this Stipulation and Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, attorney-client privilege, the work product doctrine, or any other applicable privilege/doctrine/rule of law.

    IT IS SO ORDERED.

                                        /s/Terrence G. Berg
                                        HON. TERRENCE G. BERG
                                        U.S. District Court Judge

Dated: December 14, 2021

STIPULATED AND AGREED TO THIS 7th DAY OF DECEMBER 2021:

| | |
|---|---|
| *Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, Liberty Mutual Insurance Company, Safeco Insurance Company of Illinois,*<br><br>By their Attorneys,<br><br>*/s/ Brad A. Compston*<br>_____<br>Nathan A. Tilden (P76969)<br>ntilden@ktmpc.com<br>Jacquelyn A. McEttrick<br>jmcettrick@ktmpc.com<br>Andrew H. DeNinno<br>adeninno@ktmpc.com<br>Brad A. Compston<br>bcompston@ktmpc.com<br>KING, TILDEN, MCETTRICK & BRINK<br>38777 Six Mile Road, Suite 314<br>Livonia, MI 48152<br>(734) 521-9000<br><br>350 Granite Street, Suite 2204<br>Braintree, MA 02184<br>(617) 770-2214 | *Integrated MRI Center, LLC d/b/a Complete Imaging*<br><br><br><br>By its Attorney,<br><br>*/s/ Salvatore J. Vitale*<br>_____<br>Salvatore J. Vitale (P75449)<br>sjvitale@varnumlaw.com<br>VARNUM, LLP<br>39550 High Pointe Blvd.<br>Suite 350<br>Novi, MI 48375<br>(248) 567-7400 |